UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
STEVEN BENGELSDORF, MD, PLLC,  )
et al.,                        )
                               )
     Plaintiffs,               )
                               )
          v.                   )   NO.  3:09-0911
                               )   Judge Nixon/Bryant
LUMENIS, INC.,                 )   **Jury Demand**
                               )
     Defendant.                )
```

## MEMORANDUM AND ORDER

Pending is defendant Lumenis's motion to compel responses to discovery requests and subpoena duces tecum (Docket Entry No. 35) to which plaintiffs have filed a response in opposition (Docket Entry Nos. 52 and 53).

Defendant Lumenis filed a motion for leave to file a reply (Docket Entry No. 48), to which plaintiffs responded in opposition (Docket Entry No. 50).

Defendant Lumenis filed its motion for a hearing (Docket Entry No. 56) and a second motion for leave to file a reply in support of its motion to compel (Docket Entry No. 57).

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** in part and **DENIES** in part defendant Lumenis's motion to compel responses (Docket Entry No. 35), **GRANTS** defendant's motions for leave to file a reply (Docket Entry Nos. 48 and 57), and **DENIES** defendant's motion for a hearing (Docket Entry No. 56).

**Defendant's Motion To Compel**

By its motion, defendant Lumenis seeks an order compelling plaintiffs to make complete responses to initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure and certain interrogatories and requests for production of documents, and compelling third-party Osborne & Co. P.C., plaintiffs' accountant, to respond to a subpoena duces tecum dated July 1, 2010. Defendant also seeks an award of monetary sanctions.

The discovery requests at issue in this motion relate to the plaintiffs' claims of economic damages. Rule 26(a)(1)(A)(iii) requires a party to provide to the other parties "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." While it appears that plaintiffs have disclosed a number of different categories of damages for which they seek recovery, defendant asserts that plaintiffs have not provided a computation of the amounts of these various categories of damages, nor have they produced the documents or other evidentiary materials on which each such computation is based. Plaintiffs concede that they have not provided such computations, but they assert that such

computations may be based upon expert testimony.  Similarly, while it appears that plaintiffs have produced a number of pertinent documents, they have stated their willingness to produce additional documents supporting their damages claims as soon as an appropriate protective order is entered.  The undersigned Magistrate Judge entered a protective order submitted jointly by the parties on March 15, 2010 (Docket Entry No. 16), so the lack of a protective order should no longer be an obstacle to plaintiffs' production of pertinent records and documents supporting their damage claims.

From a review of the record and the multiple filings of the parties, the undersigned Magistrate Judge finds that plaintiffs should supplement their initial disclosures on or before **Friday, February 25, 2011**, and, in compliance with Rule 26(a) provide "a computation of each category of damages claimed" and "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

### **Responses To Interrogatories And Requests For Production**

Defendant Lumenis further seeks an order compelling plaintiffs to make supplemental responses to certain interrogatories and requests for production of documents.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states the general rule that, unless otherwise limited by court

order, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." This rule further states that relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Interrogatory No. 1 and Request for Production No. 1 seek a statement of the specific damages claimed by plaintiffs, the bases therefor, identification of documents referring to or relating to such damages, and the identity of persons with knowledge of facts relating to such damages. Plaintiffs have objected to these requests on the grounds that it has retained, or will be retaining, an expert to offer expert testimony on the nature and amounts of these damages. While plaintiffs may certainly employ an accountant or other expert to perform necessary calculations as well as testify as an expert witness at trial, this does not relieve plaintiffs of their obligation to perform such calculations and reveal them in response to discovery. Moreover, their decision to employ an expert witness at trial does not entitle plaintiffs to defer responding to this discovery until the deadline for disclosing opinions of expert witnesses, which usually occurs fairly late in the discovery process. The Court also notes

that most if not all of the records and documents upon which plaintiffs' claims of economic damages are based have been within plaintiffs' custody or control since the filing of this action. The undersigned Magistrate Judge therefore finds that defendant's motion to compel responses to Interrogatory No. 1 and Request for Production No. 1 should be **GRANTED** and, to the extent plaintiffs have not already done so, plaintiffs shall make a full and complete response to these two requests.

Request for Production Nos. 18, 21, 22, and 23 seek income statements, records of compensation paid to persons who provided treatment to Dr. Bengelsdorf's patients, records reflecting gross revenue to plaintiffs derived from use of any Lumenis One device, and similar records reflecting gross revenue received by plaintiffs derived from their use of any light-based or laser-based medical device other than a Lumenis One. In view of the plaintiffs' claims that persistent problems with the Lumenis One and defendant's failure to cure such problems caused financial losses to plaintiffs, the undersigned Magistrate Judge finds that documents requested by these four requests are discoverable, and that defendant's motion to compel complete responses to these four requests should be **GRANTED**. Accordingly, to the extent that plaintiffs have not already done so, they shall serve a supplemental response that includes all additional documents within their custody or control that are responsive to these four requests, to include documents and records from 2006 to the

5

present.

Interrogatory No. 6 and Request for Production No. 2 seek information relating to other light-based or laser-based medical equipment obtained by plaintiffs. From the parties' filings (Docket Entry No. 36 at 14), it appears that plaintiffs have made a complete production of information and records relating to their purchases in 2009 of equipment manufactured by the Candela Corporation.

Request for Production No. 9 seeks documents relating to any "capital equipment acquisitions, whether by lease or purchase." Plaintiffs have objected to this request on the grounds that they receive frequent communications from equipment manufacturers advertising their products and that production of these documents would be unduly burdensome. It further appears that plaintiffs have produced documents relating to the purchase of the Candela devices referenced in response to Interrogatory No. 6 above. The undersigned Magistrate Judge finds that the gravamen of this request does not seek incidental advertisements or other communications from equipment manufacturers that did not lead to a purchase. Rather, this request seeks information about any major equipment acquisition by plaintiffs the cost of which, or the revenue from which, may have had a material impact on income generated by plaintiffs' practice. To this limited extent, the undersigned Magistrate Judge finds that defendant's motion to compel should be **GRANTED**. To the extent that plaintiffs have not

6

already done so, they shall produce responsive documents related to any major equipment acquisition, by lease or purchase, from January 1, 2006 to the present.

Request for Production No. 15 seeks documents relating to "the space occupied by The Franklin Center." The undersigned Magistrate Judge finds that certain documents responsive to this request may be relevant to plaintiffs' claim that replacement of the Lumenis One device will require certain modifications to be made to The Franklin Center's surgical suite (Complaint at ¶ 33). While Request No. 15 as written probably is unduly broad, the undersigned Magistrate Judge **GRANTS** defendant's motion to compel to the extent that plaintiffs shall produce all documents or other records reflecting or related to any claim that they will be required to incur costs for office modifications as the result of any alleged act or omission by the defendant.

Request for Production No. 16 seeks documents or other evidence related to training of any of plaintiffs' employees or agents in the use of any light-based medical device. The undersigned Magistrate Judge finds that documents responsive to this request may be relevant to plaintiffs' allegation that acquisition of alternative equipment to replace the Lumenis One will require that The Franklin Center's staff be retrained. The Court **GRANTS** defendant's motion to compel with respect to any

documents or other information relating to training of plaintiffs' staff in the use of light-based equipment from 2006 to the present.

Request for Production Nos. 24 and 26 seek documents or other tangible evidence of any communications between the plaintiffs and the defendant, including complete copies of all contracts between these parties. Plaintiffs have objected apparently on grounds of undue burden, because of what they characterize as "numerous communications since 2006 with Defendant's service and sales agents" such that they cannot possibly produce all documents regarding such communications. Defendant by this request likely seeks to avoid being "blindsided" later with evidence of prior communications by their agents. While this request should not be interpreted to include documents relating to communications between counsel for the parties since this lawsuit was filed, the Court **OVERRULES** plaintiffs' objections and **GRANTS** defendant's motion to compel responses to this request to the extent that any prior communications between agents for these parties has any materiality to any claim or defense raised in this lawsuit.

Interrogatories Nos. 1 and 2 served on plaintiff Dr. Bengelsdorf seeks the identity of all healthcare providers, counselors and psychologists who have treated him for the past ten years and, in particular, the identity of any provider who has treated Dr. Bengelsdorf for any condition he alleges is related to

or caused by the facts giving rise to this lawsuit. These discovery requests apparently are related to the claim in the complaint that Dr. Bengelsdorf has suffered emotional distress and strain as a result of the defendant's acts or omissions and that Dr. Bengelsdorf and his wife are "actively seeking marital counseling as a result of the incidents that form the basis of the complaint." In their response in opposition to defendant's motion to compel, plaintiffs state that they have "opted not to pursue damages based on" emotional stress or strain or other types of personal injury damages (Docket Entry No. 52 at 22). Based upon the Court's finding that plaintiffs have abandoned any claim for personal injury, whether based upon emotional distress or otherwise, the Court **DENIES** defendant's motion to compel responses to Interrogatories No. 1 and 2 to Dr. Bengelsdorf as no longer relevant to this case.

### The Subpoena Duces Tecum Served On Osborne & Co. P.C.

Defendant also seeks an order compelling the accounting firm of Osborne & Co. P.C. to serve responses to a subpoena duces tecum. Osborne & Co. is the accounting firm for plaintiffs. The subpoena served by defendant requires Osborne & Co. to produce its "entire file" regarding Dr. and Mrs. Bengelsdorf, The Franklin Center, and United Surgical Associates. United Surgical Associates is identified in the parties' motion papers as an entity wholly

owned by Dr. Bengelsdorf through which he conducts his *locum tenens* practice.

Defendant states in its papers, in effect, that it resorted to serving this subpoena on plaintiffs' accounting firm after plaintiffs themselves refused to produce the information sought. The undersigned Magistrate Judge **DENIES** defendant's motion to compel production pursuant to its subpoena served on Osborne & Co. P.C. for two reasons. First, the Court finds that a subpoena requiring production of the accountants' "entire file" on Dr. and Mrs. Bengelsdorf, The Franklin Center and United Surgical Associates is unduly broad and almost certainly will result in the disclosure of a great deal of confidential financial information that is unrelated to claims in this case. Second, the Court finds that any information held by the plaintiffs' accountants are within the "custody or control" of plaintiffs, since the accountants presumably are employed by them. Therefore, to the extent that the Court requires plaintiffs to produce pertinent information in response to discovery, the Court deems that plaintiffs would have an obligation to obtain such information from their accountants in order to make production. For these two reasons, the undersigned Magistrate Judge **DENIES** defendant's motion to compel files from Osborne & Co. P.C. without prejudice to defendant's right to file a similar motion upon a showing that plaintiffs have failed to produce information after being ordered to do so by the Court.

Finally, because plaintiffs apparently made substantial disclosures and responses before defendant's motion to compel was filed, and the Court found that defendant's motion should be **DENIED** in part. The undersigned Magistrate Judge finds that an award of sanctions or expenses would be unjust, and therefore that defendant's request for such an award must be **DENIED.**

### Summary

As stated above in this memorandum, the undersigned Magistrate Judge **GRANTS** in part and **DENIES** in part defendant Lumenis's motion to compel responses to discovery requests and subpoena duces tecum (Docket Entry No. 35); **GRANTS** defendant's motions for leave to file a reply (Docket Entry Nos. 48 and 57); and **DENIES** defendant's motion for a hearing (Docket Entry No. 56).

Plaintiffs' supplemental responses to interrogatories and requests for production, as ordered above, shall be made on or before **March 1, 2011.**

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge