UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEVEN BENGELSDORF, MD, PLLC, )
et al.,                       )
                              )
    Plaintiffs,                )
                              )
        v.                    ) NO. 3:09-0911
                              ) Judge Nixon/Bryant
LUMENIS, INC.,                ) **Jury Demand**
                              )
    Defendant.                 )

## MEMORANDUM AND ORDER

Defendant has filed its motion to clarify (Docket Entry No. 78), seeking a clarification of a prior ruling of the Court (Docket Entry No. 68). Plaintiffs have filed their motion to enforce the same ruling (Docket Entry No. 80), to which defendant has filed a response in opposition (Docket Entry No. 96).

The earlier ruling of the Court that has prompted these two motions is found in a sentence in the Court's memorandum and order of February 9, 2011, ruling upon plaintiffs' motion to compel discovery (Docket Entry No. 68). The sentence in question reads as follows: "The Court finds that defendant Lumenis should produce any reports or notices from consumers, customers, governmental agencies or any other source related to excessive error messages, system shutdowns or other interruptions of patient treatment on the Lumenis One device, whether attributable to software problems, switching modules, or any other cause." (Docket Entry No. 68 at 5).

Defendant Lumenis, in its motion for clarification, apparently seeks a ruling limiting its obligation to respond to include only those reports, complaints or notices of problems that

ultimately required that a device be replaced (Docket Entry No. 78 at 1). This was not the Court's intent. The original complaint in this case asserts that plaintiffs experienced (1) excessive error messages, (2) system shutdowns, and (3) other interruptions in the operation of its Lumenis One while treatment was being administered to patients. The Court's intent in its prior ruling was to require Lumenis to produce in discovery any reports or notices from any source related to substantially similar problems on other Lumenis One devices, regardless of any action taken as a result of such reports or notices.

Defendant Lumenis's motion for clarification (Docket Entry No. 78) is **GRANTED**, consistent with the foregoing explanation.

Plaintiffs' motion to enforce (Docket Entry No. 80) seeks an expansive interpretation of the Court's previous ruling. Specifically, plaintiffs apparently believe that the Court's previous ruling should be read to require Lumenis to provide any reports or notices relating to at least 21 specific categories (Docket Entry No. 81 at 6-7) including, "complete service records of any and all Lumenis One devices." This very expansive interpretation exceeds the limits of the Court's prior ruling. Accordingly, plaintiffs' motion to enforce (Docket Entry No. 80) is **DENIED**.

It is so **ORDERED**.

    s/ John S. Bryant
    JOHN S. BRYANT
    United States Magistrate Judge